UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BALLINGER,

    Petitioner,

v.                                  CASE NO. 2:09-CV-13886
                                      HONORABLE ARTHUR J. TARNOW

JOHN PRELESNIK,

    Respondent.
_____/

## OPINION AND ORDER GRANTING EVIDENTIARY HEARING

Dwayne Ballinger, ("Petitioner"), confined at a Michigan correctional facility, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court jury trial conviction for two counts of first-degree murder and possession of a firearm during the commission of a felony. The petition requests an evidentiary hearing to support the claim that Petitioner's trial counsel was ineffective for failing to investigate and call an alibi witness at trial. Because Petitioner was diligent in his efforts to obtain a hearing in the state courts and because the state court adjudication of the claim constituted an unreasonable application of Supreme Court law in light of the existing record, the Court will order that an evidentiary hearing be conducted to determine whether, in fact, Petitioner was denied his right to the effective assistance of counsel.

1

### I. Background

Prior to Petitioner's trial, his counsel filed a notice of alibi that named "Marie Krisel" as an alibi witness. The prosecutor objected to the untimeliness of the notice, so defense counsel withdrew it and stated that no alibi defense would be presented.

At trial, two men, Ramon Nixon and Derrick Greene, identified Petitioner as the man who shot and killed Mario Harris and Darius Jones. They testified that around 1:00 a.m. on July 4, 2006, on Fielding Street in Detroit, they saw Petitioner retrieve an assault rifle from his car and shoot the victims. The witnesses knew Petitioner as a local drug-dealer who went by the name "Mellow." No other evidence presented at trial tied Petitioner to the crime. Petitioner was convicted of two counts of first-degree murder and felony-firearm.

Prior to sentencing, Petitioner retained new counsel, the same one representing him in this case. He filed a motion for new trial based on a claim of ineffective assistance of counsel for failing to present the alibi defense. The motion was supported by the affidavit of Marie Cunningham. Cunningham stated in her affidavit that she was with Petitioner from 9:30 p.m. on July 3, 2006, to 3:00 a.m. on July 4, 2006, at a house on Vaughn Street in Detroit. She also states that defense counsel never spoke with her. At the sentencing hearing, Petitioner's counsel stated that the name Marie Krisel listed on the alibi notice is the same person as Marie Cunningham. The trial court summarily denied the motion without oral argument, refusing the request or a hearing.

Petitioner was then appointed a different attorney to represent him during his direct appeal. Counsel timely filed a motion to remand in the Court of Appeals that was supported by Cunningham's affidavit, asserting that trial counsel was ineffective for failing

to investigate and raise an alibi defense and call Cunningham. The state appellate court summarily denied the motion for "failure to persuade the Court of the need to remand at this time."

When the appellate court issued its decision on the merits, it limited review of Petitioner's ineffective assistance of counsel claim to the existing record because the motion to remand had been denied. The state court then relied on the fact that the existing record did not support Petitioner's claim and rejected it with the following reasoning:

> On appeal, defendant argues that his trial counsel's failure to investigate and call Cunningham to testify as an alibi witness deprived him of a substantial defense. But, "counsel cannot be found ineffective for failing to pursue information that his client neglected to tell him." *People v. McGhee*, 268 Mich. App. 600, 626; 709 N.W.2d 595 (2005). **Although defendant's trial counsel listed Krisel as a potential witness in the alibi notice, there is no evidence in the record supporting the assertion that Krisel and Cunningham are the same person**. That said, there is no evidence that trial counsel was aware of Cunningham as a potential witness or the substance of her purported testimony before trial. Moreover, defendant has not established that Cunningham's testimony would have affected the outcome of the case. *Henry, supra* at 146; *Hyland, supra* at 710. Two eyewitnesses, Greene and Nixon, unequivocally identified defendant as the shooter at trial. Accordingly, defendant has failed to overcome the presumption of effective assistance of counsel. *Henry, supra* at 146. (Emphasis added).[1]

*People v. Ballinger*, 2008 Mich. App. LEXIS 731, 3-6 (Mich. Ct. App. Apr. 10, 2008).

The Michigan Supreme Court denied leave to appeal by standard order. *People v. Ballinger*, 482 Mich. 975, 754 N.W.2d 896 (2008).

---

[1] An evidentiary hearing had been requested to provide this evident. The request had been denied.

## II. Analysis

The Michigan Courts recognized that Petitioner had a Sixth Amendment right to the effective assistance of counsel at trial, but they did not provide Petitioner an opportunity to present a claim that this right was violated. In many cases, the standard for adjudicating such claims requires a reviewing court to determine the reasons for counsel's actions or omissions. If those actions or omissions are determined to be professionally deficient, then the reviewing court has to weigh the effect they had on the outcome of the trial. Because many of the things a criminal defense attorney does or fails to do occur outside of the courtroom, by their nature, many claims of ineffective assistance are based on facts not apparent on the trial court record. In such cases, a hearing is often required to reasonably adjudicate the claim. Michigan recognizes this. *People v Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

That is the case here. Petitioner claims that his trial attorney was ineffective for failing to call an alibi witness. The record shows that the attorney was at one point at least alert to the possibility of presenting such a defense, as he filed a notice of alibi. It also shows that he abruptly abandoned the defense when the prosecutor objected to the untimeliness of the notice. Petitioner proffered evidence to the state courts after conviction that the defense would have been substantial and that trial counsel knew about it: the affidavit of the alibi witness indicates that she was with Petitioner at the time of the shooting. Petitioner's appellate counsel represented that the person listed on the notice of alibi is the same person who signed the affidavit. The affidavit also states that defense

counsel never spoke with the alibi witness, suggesting that Petitioner gave counsel the name of a potential witness, but that he failed to investigate the defense.

What is not known is why Petitioner's attorney abandoned the defense and whether that action had an effect on the outcome of Petitioner's trial. It may be that defense counsel had a good reason not to present the defense, but it may also be that the action was the result of deficient performance. Similarly, the alibi defense might have been air-tight, or it might have been specious. But based on the existing record it is impossible to know the answers to these questions.

The state appellate court effectively passed these questions on to this Court. It concluded that Petitioner's claim was meritless without further factual development. However, it refused to provide Petitioner with any opportunity to develop a record to support his claim.

Rule 8 of the Rules Governing § 2254 Proceedings sets forth the procedure a district court must employ when determining whether to conduct an evidentiary hearing. Under Rule 8, "the judge must review the answer, any transcripts and records of state-court proceedings, and any [other] materials . . . to determine whether an evidentiary hearing is warranted." The decision whether to conduct an evidentiary hearing under Rule 8 falls within the Court's discretion. *Alley v. Bell*, 307 F.3d 380, 389 (6th Cir. 2002). In deciding whether to grant the hearing the Court must consider whether the grounds Petitioner alleges are sufficient to secure his release from custody and relevant facts are in dispute. *See Washington v. Renico*, 455 F.3d 722, 731 (6th Cir. Mich. 2006).

Petitioner raises a substantial, potentially meritorious, ineffective assistance of trial counsel claim. Petitioner's defense at trial was mistaken identification, and his counsel

supported the argument through the cross-examination of the prosecution witnesses. If believed, a witness testifying that she was with Petitioner at the time of the shooting at another location would have been consistent with, and supported, this defense. It appears that defense counsel at least knew about this witness because he filed a notice of alibi that named her. And as stated above, there is no indication in the record why defense counsel withdrew the alibi notice. Based on the existing record, it is unknown whether trial counsel's conduct was the result of reasonable trial strategy or deficient performance, and whether there is a reasonable probability that the result of the trial would have been different had the alibi witness been called to testify. Because Petitioner's claims, if established, may be sufficient to demonstrate that he was denied his Sixth Amendment right to the effective assistance of counsel during his trial, and therefore demonstrate entitlement to habeas relief under 28 U.S.C. § 2254(a), the Court finds the interests of justice warrant an evidentiary hearing on the issue.

28 U.S.C. § 2254(d) does not bar a hearing on Petitioner's claim. In *Cullen v. Pinholster*, U.S. , 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), the Supreme Court held that habeas review under § 2254(d) is "limited to the record that was before the state court." Applying § 2254(d) review here, the Court has no trouble concluding that the state court unreasonably applied clearly established law in denying Petitioner's claim.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), is clearly established federal law for purposes of 28 U.S.C. § 2254(d). *Cullen*, 131 S. Ct. at 1403 (2011). Under the familiar *Strickland* standard, an attorney is constitutionally ineffective if "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The state appellate court

unreasonably applied this standard because based on the existing (non)record it was impossible for it to reasonably adjudicate Petitioner's claim.

To establish deficient performance under *Strickland*, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "In any ineffectiveness case, a particular decision to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

Based on the scant record before the state appellate court, there was no way for it to reasonably decide the issue of deficient performance. In a similar case, the Sixth Circuit determined that deciding an ineffective assistance of counsel claim without a hearing when the record was not sufficiently developed did not even count as an "adjudication on the merits" as contemplated by § 2254(d), let alone a reasonable one. *See Brown v. Smith*, 551 F.3d 424, 429-430 (6th Cir. 2008) ("We conclude that the absence of the [factual development] before the Michigan Court of Appeals (through no fault of Brown's), combined with that court's explicit statement that its review was 'limited to mistakes apparent on the record,' means that there is no relevant state court adjudication to which this court can defer.")

7

Here, the record only shows that Petitioner's counsel was aware of the factual basis for an alibi defense and that he later withdrew it. It is not known whether he did so based on legitimate strategic reasons or as a result of deficient performance. The state appellate court's finding that there is no evidence in the record supporting the assertion that Krisel and Cunningham are the same person," and that "there is no evidence that trial counsel was aware of Cunningham as a potential witness or the substance of her purported testimony before trial," was unreasonable. There was no evidence of these assertions solely because the state court denied Petitioner's request for an evidentiary hearing. Appellate counsel proffered that the person listed on the alibi notice was the same one who signed the affidavit, but he was denied any opportunity to make a record of that fact.

The state appellate court also unreasonably applied the prejudice prong. To satisfy this prong of the *Strickland* standard, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694. The *Strickland* Court elaborated on how the prejudice inquiry must be conducted:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.*, at 695-696.

8

The Michigan Court of Appeals concluded that Petitioner could not demonstrate prejudice because two eyewitnesses identified him as the perpetrator of the shooting. But that fact alone is insufficient to reasonably support the state court's conclusion that Petitioner could not demonstrate prejudice. The state appellate court could not have reasonably weighed the error against the totality of the evidence, as *Strickland* required it to, because it had no way to judge the strength of a defense that was never presented at a hearing. *Strickland* required the state court to "tak[e] due account of the effect of the errors," but in this case it could not have reasonably weighed the effect an un-called witness without hearing her testimony. On the face of things, the affidavit presents a complete alibi defense. Perhaps the credibility of the alibi witness would have belied the credibility of the identifying eyewitnesses. Perhaps not. But there was no rational basis for the state court to conclude that Petitioner did not demonstrate prejudice without hearing from her.

Nor does 28 U.S.C. § 2254(e)(2) prevent the Court from holding a hearing. Under this section, a habeas petitioner may introduce new evidence in support of a claim "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). A prisoner is at fault in failing to develop the evidence if there is a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The required diligence is "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

9

### III. Summary

Petitioner was diligent in his attempt to develop the factual record for his claim. Petitioner, through counsel, filed a motion for new trial in the trial court supported by an affidavit seeking a hearing. After that request was denied, he timely filed a motion to remand that was also supported by the uncalled witness's affidavit. Petitioner therefore provided the state courts "the first opportunity to review [these] claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The Court concludes that Petitioner diligently sought to develop the factual record for these claims in state court and that he is not barred by § 2254(e)(2) from receiving a hearing in this Court.

### IV. Conclusion

The Court concludes that the Michigan court's adjudication of Petitioner's ineffective assistance of counsel claim resulted in an unreasonable application of clearly established Supreme Court law under § 2254(d). The Court also concludes that Petitioner was diligent in his attempt to develop the factual record in state court to support his claim, and that his factual allegations, if true, may establish a constitutional violation and entitlement to habeas corpus relief under § 2254(a). Thus, Petitioner has satisfied the prerequisites for an evidentiary hearing.

Accordingly, **IT IS ORDERED** that an evidentiary hearing shall be conducted in this matter on November 21, 20011 at 9:00 a.m. The evidentiary hearing shall be limited to Petitioner's ineffective assistance of trial counsel claim.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary