UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BALLINGER,

    Petitioner,

v.

    CASE NO. 2:09-CV-13886
    HONORABLE ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION AND DENYING RESPONDENT'S MOTION FOR RECONSIDERATION

This Court ordered an evidentiary hearing to determine whether Petitioner is being held in custody in violation of his Sixth Amendment right to the effective assistance of counsel.  Respondent now moves for reconsideration, arguing that the hearing is barred under *Cullen v. Pinsholster*, 131 S.Ct. 1388 (2011).  Respondent's motion is based on a fundamental misunderstanding of *Pinsholster* and the function 28 U.S.C. 2254(d) serves in limiting habeas review.

2254(d) is worded in the negative.  It states that habeas relief *may not be granted* unless the state court adjudication is contrary to Supreme Court law or results from an unreasonable application of facts or law.  *Desai v. Booker*, 538 F.3d 424, 428-429 (6th Cir. 2008) ("the provision in effect raises additional hurdles to a habeas claim–additional reasons in the words of the statute why the writ "shall not be granted.")  It is designed as a bar to habeas relief that states "a necessary, but not a sufficient, condition for habeas relief." J*ackson v. McKee*, 525 F.3d 430, 438 (6th Cir. 2008).

1

Section 2254(a), on the other hand, is the section that governs the standard for *granting* habeas relief. It states that habeas relief may only be granted where a state prisoner is held in custody in violation of his constitutional rights. *See Desai*, 538 F.3d at 427-428.[1]

*Pinholster* concerns the application of 2254(d) and not 2254(a). It holds that a habeas court may not consider new evidence in determining under 2254(d) whether a state court decision was unreasonable. It does not hold that a habeas court may not consider new evidence in determining whether a petitioner is being held in custody in violation of his constitutional rights under 2254(a). None of the cases cited by Respondent in its motion involve a situation, as here, where the Court has already determined that 2254(d)'s hurdle has been cleared but a hearing is still required to determine whether, in fact, Petitioner's constitutional rights have been violated.

This is exactly the point made by Justice Breyer in his concurring opinion in *Pinholster*. *Id.*, 131 S.Ct. at 1412. Respondent says that Justice Breyer's opinion was not the opinion of the Court. That is true. But Justice Breyer's opinion is in no way inconsistent with the majority opinion. The problem in *Pinholster* was that the federal habeas court held a hearing to determine whether the state court decision was reasonable under 2254(d). As the *Pinholster* Court held, the analysis under 2254(d) requires the habeas court to

---

[1] Most times a finding in favor of the Petitioner under 2254(d) means that *a fortiori* Petitioner is held in violation of his constitutional rights under 2254(a). It is usually the case that where a state court unreasonably rejects a constitutional claim it can also be immediately determined that the constitutional right was violated. But this is not always true. Here, as explained in the Court's order granting the evidentiary hearing, the state court unreasonably decided Petitioner's claim precisely because it did not have enough evidence before it to fairly adjudicate it *one way or the other*.

perform the analysis in light of the evidence available to the state court at the time. The situation here is different. This Court has already determined–based on the record before the state court–that the Michigan Court adjudication of Petitioner's ineffective assistance of counsel claim was unreasonable, and that 2254(d) does not bar review of Petitioner's claim.

The hearing ordered by the Court is not being held to determine whether the state court's adjudication is reasonable–the type of hearing barred by *Pinholster*–but to determine under 2254(a) whether Petitioner is being held in custody in violation of his constitutional rights.

Accordingly, **IT IS ORDERED** that Respondent's motion for immediate consideration is **GRANTED**, and its motion for reconsideration is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3