UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BALLINGER, JR.,

    Petitioner,

                                                CASE NO. 2:09-CV-13886

v.                                              HONORABLE ARTHUR J. TARNOW

JOHN PRELESNIK,

    Respondent.
_____/

## ORDER GRANTING TEMPORARY STAY OF CONDITIONAL GRANT OF WRIT OF HABEAS CORPUS

Before the Court is Respondent's second motion to stay and motion for immediate consideration.

Petitioner, Dwayne Ballinger, Jr., was granted a conditional writ of habeas corpus on February 23, 2012. The writ was conditioned on Respondent scheduling a new trial for Petitioner within 90 days. That is, under the terms of the writ, Respondent was required to release Petitioner from custody by May 23, 2012, unless a new trial was scheduled. Respondent timely appealed the decision, and on March 19, 2012, Respondent moved to stay the 90-day period pending its appeal in the Sixth Circuit. Petitioner opposed the motion for stay, and on April 11, 2012, Petitioner filed a motion for bond.

In its present motion, Respondent notes that the 90-day period that it may keep Petitioner in custody absent a stay will soon expire, and it requests a ruling by this Court.

Among the factors to be considered in whether to grant Respondent's motion for stay and Petitioner's motion for bond are whether the failure to release Petitioner will

1

substantially injure him and whether the public interest is served by his release or continued incarceration pending Respondent's appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). To aid the Court in deciding these issues the Court has directed the pretrial services division to prepare a report on Petitioner's suitability for release. Until that report is completed, a decision on the parties' opposing motions would be premature. At the same time, the Court recognizes Respondent's dilemma and desire to avoid violating the Court's order despite the fact it timely filed a motion for stay.

Accordingly, **IT IS ORDERED** that the 90-day period contained in the writ of habeas corpus will be **TEMPORARILY STAYED** until such time as the Court rules on Respondent's motion to stay and Petitioner's motion for bond. The time during which Respondent's motion for stay has been pending will not be counted against the 90-day period.

**SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

2