UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BALLINGER, JR.,

    Petitioner,

v.                                              CASE NO. 2:09-CV-13886
                                                HONORABLE ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE
JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTIONS FOR A STAY OF THE WRIT OF HABEAS CORPUS PENDING APPEAL AND SETTING A HEARING FOR PETITIONER'S MOTION FOR BOND**

This matter is before the Court on Respondent's motions for a stay pending the appeal of the Court's decision to grant habeas relief to Petitioner. For the reasons stated below, the motion for a stay is **GRANTED**. The Court will further take Petitioner's motion for bail under advisement and will schedule the matter for a hearing.

On February 23, 2012, this Court granted Petitioner a conditional writ of habeas corpus, on the ground that petitioner was denied the effective assistance of counsel at trial. [Dkt. 12]. Respondent has filed two motions for a stay pending appeal. [Dkts. 14 and 23]. In response, Petitioner has filed a motion for release on bond. [Dkt. 21].

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas

1

proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 777.

Although this Court disagrees with Respondent's claim that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal. Although Petitioner may suffer injury from his continued confinement pursuant to a conviction that this Court has found to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker*, 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); rev'd on other grds, 2012 U.S. App. LEXIS 212, No. 2012 WL 15722 (6th Cir. January 5, 2012). Accordingly, the Court will grant

Respondent's motion for stay pending appeal.

**IT IS ORDERED THAT** Respondent's Motion for a Stay Pending Appeal [Dkts. 14 and 23] are GRANTED.

**IT IS FURTHER ORDERED** that a hearing will be held on Petitioner's Motion for Bond on Monday, June 18, 2012 at 3:00 p.m.

**SO ORDERED**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant